**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THERESA J. SPECK,

   Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

   Defendant-Appellee.

No. 22-35835

D.C. No. 1:21-cv-00036-KLD

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Kathleen Louise DeSoto, Magistrate Judge, Presiding

Argued and Submitted June 13, 2023
Portland, Oregon

Before: RAWLINSON and SUNG, Circuit Judges, and RAKOFF,** District
Judge.

Theresa Speck (Speck) appeals the district court's grant of summary

---

  *  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **  The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

judgment in favor of the Commissioner of Social Security (Commissioner).  Speck contends that the Administrative Law Judge (ALJ) erred in denying her applications for Social Security benefits.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand to the district court for remand of Speck's case to the agency for further proceedings.

"We review a district court's judgment de novo and set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error. . . ."  *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (citation and internal quotation marks omitted).

**1.**  The ALJ did not provide "an explanation supported by substantial evidence" for rejecting the opinion of Speck's treating physician.  *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).  Despite the decade of treatment records provided by Speck's physician, the ALJ relied on two treatment notes to support his determination that the physician's "examinations [were] not consistent with his opinion."  However, other treatment notes reflected functional limitations not considered by the ALJ, such as the treating physician's observation that "[p]ain remain[ed] a central issue in [Speck's] life," that Speck was "[f]unctionally . . . quite limited" due to her pain, and that Speck's pain was "widely distributed" and she "no longer [went] shopping or participat[ed] with her children's activities."

2

*See Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014) (concluding that treatment notes did not provide substantial evidence for rejecting physician's opinion because the notes "must be read in context of the overall diagnostic picture the provider draws") (citations and internal quotation marks omitted).

Additionally, the ALJ did not discuss the treating physician's diagnoses and clinical support for his opinion. The treating physician opined that Speck had "pain in her left lower extremity that [was] a consequence of nerve root irritation in her back. This [was] a conclusion supported by the neurosurgeon, as well as [the treating physician]." The ALJ did not address whether the treating physician's opinion was consistent with the diagnoses and assessments from other medical providers, including a physician who opined that Speck's X-rays "showed degenerative arthritis of the . . . joints" and "a huge overlay of other pain from her back and possible fibromyalgia." *See Woods*, 32 F.4th at 792 (stating that "[t]he agency must articulate how persuasive it finds all of the medical opinions from each doctor or other source, and explain how it considered the supportability and consistency factors in reaching these findings") (citation, alterations, and internal quotation marks omitted).

**2.** The ALJ did not provide "specific, clear, and convincing reasons" for rejecting Speck's symptom testimony. *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th

3

Cir. 2021) (citation omitted).[1]  The ALJ did not specify which aspects of Speck's testimony were not credible, and did not cite to objective medical opinions that were inconsistent with or contradicted Speck's testimony.  *See id.*

**3.**  The ALJ erred in not "consider[ing] limitations and restrictions imposed by all of [Speck's] impairments, even those that [were] not severe," in assessing Speck's residual functional capacity.  *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (citation and internal quotation marks omitted).  Although the ALJ concluded that Speck's only severe impairment was inflammatory arthritis, Speck was also diagnosed with chronic back pain, degenerative disc disease, "lumbar radiculopathy," "[f]requent headache," Sjordren's syndrome, "rheumatoid arthritis of multiple sites," and myalgia.  The ALJ should have incorporated those non-severe impairments into the RFC.  Notably, the vocational expert (VE) confirmed that, whether due to pain or "any other causitive factor," an individual needing more than "two 15 minute breaks" and "ten minutes or more added on to any or all of the breaks on at least an occasional basis" would not be able to perform

---

[1]    The Commissioner maintains that the ALJ's discounting of Speck's testimony was warranted because "a doctor who examined Speck's eyes thought that she might be malingering."  However, Speck "presented medical records supporting multiple diagnoses . . . that could reasonably produce the pain she describe[d]," and "we must determine whether the ALJ properly discounted [Speck's] subjective testimony under the clear and convincing standard."  *Smartt*, 53 F.4th at 497 (internal quotation marks omitted).

"competitive employment."  Due to the ALJ's failure to properly consider all of Speck's impairments and limitations, as well as the discounting of Speck's symptom testimony and her treating physician's opinion, substantial evidence does not support the ALJ's determination that Speck could perform sedentary work.  *See Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014) (explaining that "[t]he ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record") (citation omitted).

We remand to the agency for further proceedings consistent with our decision.[2]

**VACATED and REMANDED.**

---

[2] Speck seeks a remand for the ALJ to more fully consider her impairments, the medical evidence, and her symptom testimony, and does not assert that we should remand for an award of benefits.